THE PROGRESSIVE CLAY COMPANY, complainant,

*v.*

THE TOWNSHIP OF SPRINGFIELD IN THE COUNTY OF UNION, defendant-respondent; E. J. FLAHERTY CONTRACTING Co., INC., defendant-appellant; CONSTITUTION INDEMNITY COMPANY OF PHILADELPHIA et al., defendants.

[Submitted October term, 1941. Decided January 29th, 1942.]

*Mr. James A. Hamill* and *Mr. William J. Baker,* for E. J. Flaherty Contracting Co., Inc.

*Mr. Charles W. Weeks,* for the Township of Springfield.

The opinion of the court was delivered by

CASE, J.

The litigation was resolved into a dispute between the Township of Springfield and E. J. Flaherty Contracting Co., Inc., and the present controversy is chiefly on the question of whose duty it was, under the existing status of the proceedings, to move.

E. J. Flaherty Contracting Co., Inc., which we shall call the contractor, had a contract with the Township for the construction of a sewerage system. A supply house filed the bill of complaint in the cause under the Municipal Lien Act to enforce a lien claim for materials. The complainant and other lien claimants were long since paid and are out of the case. Answers to the bill of complaint were filed by both the contractor and the Township. The contractor, in its answer, set up what has been accepted throughout as a cross-claim against the Township in the amount of $109,431.34 for numerous items that may be generally classed as extras; this in addition to the balance regularly certified by the engineer to be due the contractor, a balance which the Township, according to the allegation, had refused to pay except upon the execution of a general release. The Township, in its answer, set up a "separate defense" which has throughout been treated as a counter-claim against the contractor, claiming the amount of $8,750 for delays in performance and the amounts of $1,500 and $825 for non-performance.

On April 6th, 1931, there was an order of reference to Francis Child, a special master, which recited that the money in the hands of the Township was more than sufficient to pay the claims of the complainant and the other lien claimants and that there was a dispute between the Township and the contractor as to the amount due from the one to the other and directed the master "to ascertain and report the amount due from said The Township of Springfield in the County of Union to said E. J. Flaherty Contracting Co., Inc., under said contract, and the amount due from said defendant, E. J. Flaherty Contracting Co., Inc., to said The Township of Springfield in the County of Union" and further directed the master to "hear and determine all other issues between The Township of Springfield in the County of Union and E. J. Flaherty Contracting Co., Inc., raised by the pleadings." It will be noted that this direction assumed the existence of two claims which were to be separately considered; one by the contractor against the Township and one by the Township against the contractor. On October 19th, 1931, Special Master Child expressed his preliminary opinion on the issues to

counsel for both sides, and on January 21st, 1932, he sub-
mitted his report. In the course of his opinion the special
master stated that there was due on the perfected lien claims
the sum of $42,105.44, and that the contractor would pay
some additional minor debts from the money to be paid to it;
that there was due to the contractor the sum of $59,353.92
(subject to the payment of the lien claims) plus some small
items and that he would recommend an order directing the
Township to pay the contractor the sum of $7,000 which, as
he observed, would "leave the Township of Springfield amply
protected on its claim for damages by reason of the failure of
the contractor to finish the work in time." The master
further stated that as to the contractor's claim for extras,
aggregating, as he was informed by counsel, hundreds of small
items, he was of the opinion that even if the work had actually
been done the contractor had proceeded therein without the
necessary authority, wherefore the master would treat that
claim "in the same manner as a case at law would be treated
if a motion was made for nonsuit on counsel's opening"—this
in disposition of the claim for $109,431.34. The stated pur-
pose of the master was to permit the contractor to appeal, if
it so wished, and have the law determined on the last men-
tioned legal ruling before going to the expense of involved
and protracted proof in support of the multitude of items
included within the claim.

The master's report followed in general the foregoing out-
line contained in his forecast to counsel; it found for an
immediate payment to the contractor of $7,000, a retention
by the Township of something over $9,000 to protect the
municipality on its claim for recovery against the contractor
and found against the contractor's right to recover on the
claim for extras. The concluding paragraph of the report
provides: "I further report that if the Township of Spring-
field in the County of Union, cannot show that it has been
damaged by alleged delays by the contractor, that the con-
tractor would be entitled to the balance now remaining in the
hands of the Township of Springfield." Here two matters
will be noted: plainly it was assumed that the burden of
proof was on the Township as to its claim; and, again
plainly, it was assumed that the Township's claim was dis-

puted and did not take form against the contractor as on a default. Upon the filing of the report the contractor objected before the Vice-Chancellor that the special master had refused to take testimony on the items aggregating $109,431.34. The Vice-Chancellor sustained the report. The contractor appealed to this court where there was an affirmance on the opinion below reported in *114 N. J. Eq. 269*. The decree which was thus affirmed determined "that out of the said balance due the defendant, E. J. Flaherty Contracting Co., Inc., the sum of Nine Thousand ($9,000) Dollars be retained by the Township of Springfield in the County of Union pending the determination of the claim of the said Township of Springfield in the County of Union against the defendant, E. J. Flaherty Contracting Co., Inc., for delay and damages, as provided by the contract between the said parties dated May 14th, 1929, and that the said claim of the Township of Springfield in the County of Union be referred to Francis Child, one of the Special Masters of this court, to take such testimony as may be required on the said issue, and to ascertain and report on the validity of the said claim and the amount, if any, due thereon." Here again we diverge to observe that the court decree goes far beyond an assumption that the Township's claim is not uncontested and in so many words directs that it is to be the subject of proof and determination.

After the affirmance in this court the case was allowed to sleep until December 19th, 1940, when the contractor presented its petition in Chancery with a showing that Special Master Child had died, that the Township had neither paid over the funds remaining in its possession nor moved towards a hearing, that Edmund J. Flaherty, the corporation's president, had died May 14th, 1939, and that by his death the contractor had lost the only evidence with which it could defeat the Township's claim, and prayed that the Township be directed to pay forthwith the retained sum of $9,000 with interest. The Township filed an answering affidavit stating that it had not abandoned its claim and setting up some allegations of fact which seem not to be in point on the present question. The Township did not propose, either in its answering affidavit or at the argument before the Vice-

Chancellor, to become the actor in determining the validity of its claim against the contractor. Its argument then and now is that the burden of proceeding was upon the contractor and that the contractor was guilty of *laches* in prosecuting its claim. The Vice-Chancellor offered to grant to the contractor an order of reference which was declined. Thereupon the application that the Township be directed to pay was formally denied, and this appeal was taken from that ruling. We are without the benefit of a statement by the Vice-Chancellor of the reasons which led to the order.

We said above that, in our view, the parties were cross-claimants. The contractor was a claimant for (a) work required by the contract and (b) for extras; it was sustained as to (a) and denied recovery as to (b). The Township was the aggressor on the allegation of alleged damage which has never been determined. That status was, we consider, maintained throughout the proceedings and is clearly to be drawn from the portion of the final decree which we have quoted *supra*. The gross amount due to the contractor from the Township was decided subject to the determination of the claim of the Township for delay and damages against which the Township was permitted to retain $9,000 of the money otherwise due the contractor. We think that with everything else in the case decided except the validity of the Township's claim the burden of going forward as to it was upon the Township if the Township was to justify its retention of moneys determined otherwise to be due the contractor. The final decree carried a reference to Mr. Child to take testimony on that, and only that, issue. The decree was dated September 12th, 1932; this court affirmed September 27th, 1933; Mr. Child died in 1938. There was ample opportunity for the Township to have moved either before or after Mr. Child's death; but its position has constantly been, improperly we think, that the duty was not upon it. It argues that, with the legal advisers which the contractor had, the latter would have proceeded to get the money had the law been so that it could. But that is scarcely an argument. It asserts that the contractor has never denied the allegation set forth in the separate defense and has never, by any pleading, set up facts which controvert or put at issue the Township's claim; a

position which we think is untenable in the posture of the case presented by the master's report and the decree, *supra.* It contends, further, that the contractor is guilty of *laches;* which begs the question because if one has a money judgment failure to collect over a period of eight years does not invalidate the judgment. The reason on which the order went, so far as we are able to determine from the notes of the argument, is that the Township was not the actor as to its specific claim. We think that it was.

The suggestion was made below, and is repeated here, that no *remittitur* was filed after the determination of the original appeal in this court. The Vice-Chancellor offered, without objection from, and apparently with the acquiescence of, the Township, to grant the contractor an order of reference to take testimony in disposition of the issue. That would have placed upon the contractor the burden of proceeding, and we consider that the contractor was within its rights in declining to assume that responsibility. It is apparent that the order did not turn on the failure of a proper *remittitur.* Yet without such a transmittal the case was not technically back in the Court of Chancery, and it was and is, as we find, the duty of the contractor to have the record remanded since it relies upon the provisions of the decree which came up with the record and which, as it contends, constitutes a judgment in its favor.

On the whole we think that equity is best served by determining where lies the burden of going forward upon the remanding of the record to the Court of Chancery and by giving opportunity to meet that obligation. The record will be remanded (the contractor to take the necessary steps) to the Court of Chancery which, on application by the contractor, will fix a reasonable time within which the Township shall move to establish its claim or, on default, pay the retained funds; whether with or without interest to be determined.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, PERSKIE, PORTER, DEAR, WOLFSKEIL, JJ. 6.

*For reversal*—PARKER, CASE, DONGES, HEHER, COLIE, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 9.